J-S73002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS JAMES WETZEL | : | |
| | : | |
| Appellant | : | No. 1821 WDA 2017 |

Appeal from the PCRA Order September 14, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0000300-2013,
CP-10-CR-0000317-2013, CP-10-CR-0000354-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 18, 2018**

Appellant, Douglas James Wetzel, appeals *pro se* from the order entered in the Butler County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 25, 2013, the Commonwealth charged Appellant on multiple dockets with burglary, theft, and related offenses regarding a string of home and business invasions.  On April 29, 2015, Appellant entered an open guilty plea to numerous offenses at multiple docket numbers, including those listed on appeal.  The court, on May 21, 2015, sentenced Appellant to an aggregate term of 12 to 30 years' imprisonment.  Appellant did not file post-sentence motions or pursue a direct appeal.

On April 13, 2016, Appellant timely filed *pro se* his first PCRA petition. The PCRA court appointed counsel on April 19, 2016. On July 18, 2016, counsel filed a petition to withdraw and a **Turner/Finley**[1] no-merit letter. The PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on August 19, 2016; Appellant did not respond. The PCRA court granted counsel's petition to withdraw and denied PCRA relief on September 14, 2016.

On October 15, 2017, Appellant filed *pro se* a motion for reconsideration of sentence at all three docket numbers, which alleged the court erred by failing to merge his sentences and give him credit for time served. On October 19, 2017, the PCRA court denied Appellant's motion. Appellant timely filed *pro se* notices of appeal at all three docket numbers on November 7, 2017. On November 22, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant did not comply. The Commonwealth, on August 30, 2017, filed in this Court a motion to dismiss based on Appellant's non-compliance with the PCRA court's Rule 1925(b) order; this Court denied the motion on October 12, 2018.

Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR[] BY NOT GRANTING…APPELLANT RELIEF FOR TIME CREDIT AND MERGER OF SENTENCES?

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

WAS…APPELLANT ENTITLED TO TIME CREDIT PURSUANT TO 42 PA.C.S.A. § 9760; 42 PA.C.S.A. § 9737; *COMMONWEALTH V. HOLLAWELL*, 604 A.2D 723 [(PA.SUPER. 1992)]; AND *COMMONWEALTH V. MANN*, 957 A.2D 746 [(PA.SUPER. 2008)]?

DID PRIOR COUNSEL INEFFECTIVELY REPRESENT…APPELLANT, AS PROVIDED BY THE 6TH AMENDMENT AND ARTICLE 1, SECTION 8?

WILL…APPELLANT'S SENTENCE(S) BECOME UNLAWFUL AND UNCONSTITUTIONAL IF NOT PROPERLY RE-CALCULATED…?

(Appellant's Brief at 2).[2]

Preliminarily, a petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. §

_____

[2] The failure to file a court-ordered Rule 1925(b) statement generally constitutes waiver of all issues. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). Here, Appellant is proceeding *pro se* on appeal. The PCRA court ordered Appellant on November 22, 2017, to file a Rule 1925(b) statement. Appellant did not comply with the PCRA court's order. Therefore, as a practical matter, Appellant waived his issues on appeal. *See id.*

9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's current claims on merger and credit for time served implicate the legality of his sentence, which is cognizable under the PCRA. **See** 42 Pa.C.S.A § 9543(a)(2)(vii); **Commonwealth v. Ousley**, 21 A.3d 1238 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011) (stating claim that sentences should have merged challenges legality of sentence); **Commonwealth v. Johnson**, 967 A.2d 1001 (Pa.Super. 2009) (stating claim that court did not credit time served challenges legality of sentence); **Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding collateral attack on legality of sentence must be raised in timely PCRA petition or first satisfy one of statutory exceptions to PCRA time bar). Appellant's judgment of sentence became final on Monday, June 22, 2015, upon expiration of the time for filing an appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current *pro se* petition on October 15, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant did not acknowledge the obvious untimeliness of his current petition under the PCRA or attempt to invoke any of its exceptions to the statutory time-bar. **See Commonwealth v. Liebensperger**, 904 A.2d 40 (Pa.Super. 2006) (explaining petitioner must

specifically plead timeliness exception to invoke jurisdiction over untimely PCRA petition). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it.[3] ***See Zeigler, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2018

---

[3] Notice of the court's intent to dismiss a PCRA petition without a hearing under Rule 907 is mandatory. ***Commonwealth v. Guthrie***, 749 A.2d 502 (Pa.Super. 2000). Nevertheless, the failure to challenge on appeal the absence of Rule 907 notice constitutes waiver. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013). Here, Appellant did not challenge on appeal the lack of Rule 907 notice, so any related concern is waived. ***See id.***